**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America


    v.                             Criminal No. 07-mj-048


Derek Potocki


**ORDER OF DETENTION PENDING TRIAL**

In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a hearing was conducted on August 9, 2007, for the purpose of determining whether to detain defendant, Derek Potocki, who has been charged with committing a bank robbery, at a bank whose accounts were then insured by the FDIC, in violation of 18 U.S.C. § 2113(a).

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court,

in assessing the risks noted in 18 U.S.C. § 3142(b), shall
consider the following: (1) the nature and circumstances of the
offense charged; (2) the weight of the evidence as to guilt;
(3) the history and characteristics of the accused, including
family ties, past history, financial resources and employment;
and (4) the nature and seriousness of the danger to any person or
the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18
U.S.C. § 3142, the government typically retains the burden of
persuading the court that "'no condition or combination of
conditions will reasonably assure' the defendant's presence at
trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st
Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d
15, 17–18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d
789, 793 (1st Cir. 1991).  For its part, the government is
required to offer a preponderance of the evidence to prove risk
of flight.  See Patriarca, 948 F.2d at 792–93.  Facts necessary
to find that no combination will reasonably assure the safety of
any person and the community require satisfaction of the "clear
and convincing" standard.  18 U.S.C. § 3142(f)(2).

In the case at hand, I have made a finding of probable cause

to believe that the offense charged has been committed and that the defendant has committed the same.

Here, I find that the government has met its burden with regard to risk of flight.  Specifically, the offense was committed within 90 days of the defendant being sentenced on state charges for burglary and drug convictions and having received suspended sentences.  It is anticipated that those suspended sentences will be imposed.  The details of the offense and strength of the government's case gravitate toward this finding, notwithstanding the defendant's exculpatory statements to the contrary.

I am satisfied from the representations offered during the hearing that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

Upon full consideration of the arguments offered by the government and defense, I am satisfied that the defendant poses a risk of flight.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a

corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

     **SO ORDERED.**

                    /s/Justo Arenas
                    Justo Arenas
                    United States Magistrate Judge

Date:  August 10, 2007

cc:    Terry L. Ollila, AUSA
       Jonathan Saxe, Esq.
       U.S. Marshal
       U.S. Probation

4